NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0462n.06

No. 11-3650

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

*May 01, 2012*

LEONARD GREEN, Clerk

| | |
|---|---|
| MARLA J. AARON, | ) |
| | ) |
| Plaintiff-Appellant, | ) |
| | ) |
| v. | ) ON APPEAL FROM THE |
| | ) UNITED STATES DISTRICT |
| FORD MOTOR COMPANY; INTERNATIONAL | ) COURT FOR THE NORTHERN |
| UNION UNITED AUTOMOBILE, AEROSPACE | ) DISTRICT OF OHIO |
| AND AGRICULTURAL IMPLEMENT | ) |
| WORKERS OF AMERICA; LOCAL 1216, | ) |
| UNITED AUTO WORKER'S UNION; | ) |
| AUTOMOTIVE COMPONENTS HOLDINGS; | ) |
| NOBLE GROHE, individually and as union | ) |
| representative for International Union United | ) |
| Automobile, Aerospace and Agricultural Implement | ) |
| Workers of America and Local 1216, UAW; | ) |
| MICHAEL MILLER, individually and as local | ) |
| president for International Union United | ) |
| Automobile, Aerospace and Agricultural Implement | ) |
| Workers of America and Local 1216, UAW; | ) |
| JERARD COIFFARD, individually and as union | ) |
| representative for International Union United | ) |
| Automobile, Aerospace and Agricultural Implement | ) |
| Workers of America and Local 1216, UAW; MARK | ) |
| CULLEN, individually and as union representative | ) |
| for International Union United Automobile, | ) |
| Aerospace and Agricultural Implement Workers of | ) |
| America and Local 1216, UAW; FRANK | ) |
| MUSLONI, individually and as union representative | ) |
| for International Union United Automobile, | ) |
| Aerospace and Agricultural Implement Workers of | ) |
| America and Local 1216, UAW, | ) |
| | ) |
| Defendants-Appellees. | ) |

Before:  MARTIN and CLAY, Circuit Judges; HOOD, District Judge.[*]

PER CURIAM.  Marla J. Aaron, a *pro se* Ohio resident, appeals a district court judgment dismissing her hybrid § 301 action filed under the Labor Management Relations Act, 29 U.S.C. § 185.

After Aaron repeatedly complained of sexual harassment by her supervisor in 2007, her union authorized her to take medical leave.  When Aaron returned from leave approximately one month later, a fellow employee accused her of having made threats against another employee three months earlier.  After a brief investigation, Aaron was fired on September 26, 2007.  Aaron filed a union grievance shortly thereafter, and Aaron initially was offered a buyout, which she rejected.  The union later agreed to settle the grievance on May 20, 2009, but Aaron rejected the settlement because, while she would have been reinstated, she would not have received back pay.  Aaron ultimately was ordered to return to work without back pay by June 12, 2009.  Aaron did not return to work or pursue an appeal of her union grievance.

Rather, Aaron filed her complaint *pro se* in the Erie County, Ohio, Court of Common Pleas alleging that she was fired from her job in retaliation for reporting sexual harassment to which she was subjected, that her employer and labor union representatives failed to adequately investigate her sexual harassment complaints, and that the union and its representatives did not fulfill their duty to fairly represent her.  The labor union and representatives removed the case to the United States District Court for the Northern District of Ohio.  After all of the relevant named defendants filed

---

[*]The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

answers to the complaint, the district court appointed Aaron counsel. Counsel filed an amended complaint and a second amended complaint with the district court.

Following discovery, the defendants moved for summary judgment, and Aaron responded in opposition. The district court subsequently granted defendants' motions and entered judgment in their favor.

In her timely appeal, Aaron contends that: 1) her failure to exhaust internal union remedies was excused; 2) the union acted arbitrarily, in bad faith, and discriminated against her; and 3) her firing was retaliatory. The union respond that the district court correctly concluded that Aaron did not show that she exhausted her available union remedies and that her unfair representation claim otherwise lacks merit. The employer responds that: 1) the district court properly granted summary judgment with respect to Aaron's hybrid § 301 claim because Aaron cannot show that the union breached its duty of fair representation; 2) Aaron did not assert a freestanding sexual harassment claim; 3) the district court properly rejected Aaron's retaliation claim; 4) Aaron withdrew a conspiracy claim; and 5) Aaron's claim that it failed to properly notify Aaron of a grievance settlement offer lacks merit.

We review *de novo* the district court's grant of summary judgment and consider the facts in the light most favorable to the non-moving party. *Chapman v. UAW Local 1005*, 670 F.3d 677, 680 (6th Cir. 2012) (en banc).

To recover against a defendant employer in a hybrid § 301 action, a plaintiff generally must prove both that the defendant employer violated the applicable collective bargaining agreement in firing him and that the plaintiff's union subsequently breached its duty of fair representation to the plaintiff. *See DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 164–65 (1983). The Supreme Court has not imposed "a universal exhaustion requirement lest employees with meritorious § 301

claims be forced to exhaust themselves and their resources by submitting their claims to potentially lengthy internal union procedures that may not be adequate to redress their underlying grievances." *Clayton v. Int'l Union, UAW*, 451 U.S. 679, 689 (1981). Thus, "courts have discretion to decide whether to require exhaustion of internal union procedures." *Id.* A court may excuse a failure to exhaust union remedies where: 1) union officials were so hostile that no fair hearing was possible; 2) the grievance process could not provide full relief; or 3) exhaustion would unreasonably delay plaintiff's opportunity for judicial review of the plaintiff's claims. *Id.* Failure to exhaust internal union remedies bars a hybrid § 301 action unless the plaintiff can show that one of the three exceptions applies to excuse the failure. *See Chapman*, 670 F.3d at 685.

The district court correctly concluded that Aaron did not establish a genuine issue of material fact remaining for trial with respect to whether her failure to exhaust union remedies should be excused. Aaron only asserted that her union grievance had taken over twenty months. Although we have held that access to the courts might be granted where an employee abandoned efforts to pursue internal union remedies after twenty-seven months of diligent pursuit, *see Ruzicka v. Gen. Motors Corp.*, 523 F.2d 306, 311–12 (6th Cir. 1975), Aaron's case is distinguishable. In *Ruzicka*, the union's negligent handling of the plaintiff's grievance amounted to unfair representation. *Id.* at 310. Although the grievance process in this case was not speedy, the lengthy process resulted in at least two offers to resolve the dispute. Aaron has not produced any evidence that an appeal of her grievance would have resulted in an unreasonable delay. The district court correctly concluded that Aaron cannot show that the union breached its duty of fair representation under the circumstances of this case. *See DelCostello*, 462 U.S. at 164–65. Thus, Aaron did not show that her admitted failure to exhaust union remedies should be excused.

Finally, any claim that Aaron was fired in retaliation for reporting her supervisor's sexual harassment lacks merit. Any hybrid § 301 retaliation claim fails because Aaron cannot show that her union breached its duty of fair representation for the reasons already stated. *See DelCostello*, 462 U.S. at 164–65. The district court correctly concluded that, although Aaron alleged that she was subjected to sexual harassment by her supervisors and other employees in the workplace, she did not assert any freestanding sexual harassment claim. Similarly, Aaron failed to allege a freestanding retaliation claim under Title VII or otherwise. Nonetheless, the district court addressed the claim, and correctly concluded that Aaron could not raise an inference that she was fired for her sexual harassment complaints in light of the intervening evidence that she had threatened another employee. *See Moon v Transp. Drivers, Inc.*, 836 F.2d 226, 230–31 (6th Cir. 1987). Further, Aaron did not obtain a right to sue letter from the Equal Employment Opportunity Commission needed to pursue a Title VII action for retaliation. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 798 (1973). Under these circumstances, any retaliation claim lacks merit.

The district court's judgment is affirmed.